UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DONALD O'CONNER, NUMBER: 13-CV-112
LARRY PEARSON, BOATNER
HOWELL, PAULA GORDON, JUDGE: DICK
INDIVIDUALLY
AND AS MEMBERS OF A CLASS MAGISTRATE: RIEDLINGER

VERSUS

AT&T CORP., APPLE, INC.
AND DARRYL PELTIER

### MEMORANDUM IN OPPOSITION TO MOTIONS TO COMPEL ARBITRATION OF AT&T AND APPLE

MAY IT PLEASE THE COURT:

There is a clear and definite claim that survives arbitration – the claim that the contract which contains the arbitration clause at issue is not "valid, irrevocable or enforceable" survives by the language of the Federal Arbitration Act. Filed herewith is Plaintiff's First Amending and Supplemental Complaint, clarifying that only the claims that the contract between plaintiffs and defendants is "not valid, irrevocable or enforceable" are being pursued in this court. By virtue of this amendment, the only claims remaining in this lawsuit are not arbitrable.

### FACTS

The Motion to Compel Arbitration filed by Apple piggybacks on the motion of that filed by AT&T because there is no independent agreement to arbitrate the claim between plaintiffs and Apple. If the arbitration agreement between AT&T and its customers falls, the motion of Apple fails, necessarily. The AT&T motion relies exclusively on the ruling of *AT&T Mobility, LLC v. Concepcion*, 131 S.Ct. 1740 (2011), and its progeny. *Concepcion* holds most broadly that a consumer contract that includes an arbitration clause is binding and enforceable against state law claims of unconscionability. The AT&T opinion was a split decision with four justices in favor and four voting against. Justice Clarence Thomas cast the deciding vote in a concurring opinion that specifically and clearly leaves open to litigation (not arbitration) the issue of whether or not the contract in which the arbitration clause is contained is "valid, irrevocable, and enforceable." The claim that the contracts were entered into based on the fraudulent mis-representations of defendants or (the lesser included and implied claim) that they were entered in error, clearly

survive an arbitration clause contained in that contract.

The First Supplemental and Amending Complaint filed herewith asserting the causes of action for fraud and error, both claims under Louisiana law that result in the underlying contract to be deemed a nullity, thus making the contract not "valid, irrevocable, and enforceable" and clarifying that no arbitrable claim is being made by Plaintiffs.

## LAW AND ANALYSIS

Section 2 of the Federal Arbitration Act (FAA) provides:

**9 USC § 2 - VALIDITY, IRREVOCABILITY, AND ENFORCEMENT OF AGREEMENTS TO ARBITRATE**
A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The claim that a contract (and thereby an arbitration agreement included in it) should be rescinded for fraud or mutual error is a claim that the contract should be revoked. As such it is not arbotrable by the plain language of the Federal Arbitration Act. The amended complaint makes clear that it is only these claims of fraud and error that that are being pursued in this lawsuit.

Louisiana law contains three applicable legal bases to argue for rescission of a contract – duress, fraud and mutual error. There is no hint of duress so the only claims being alleged in this matter are fraud and mutual error. First, the court should understood that either one or the other is the case, and either is grounds for rescission. In the event that AT&T knew it could not and would not honor its mis-representation to provide unlimited data to its customers at a price of $30 per month, their fraud vitiates consent, rescinding the contracts at issue and making them a nullity (revocation).

In the second event, if AT&T was unaware it could not and would not honor its mis-representations, the contracts will be rescinded and the parties placed in the position they held prior to its entry, only if both parties are in error. Clearly, if AT&T did not know that it would not honor its mis-representations there is no fraud. However, just as clearly, there is mutual error, also grounds for rescission of the contract. Obviously, If AT&T was unaware of its inability or

unwillingness to honor its misrepresentations, its customers did not and could not know of this inability or unwillingness. As with fraud, the remedy is rescission and nullification of the contracts containing the arbitration clause. If null, the contracts are rescinded and revoked and may not serve as the basis for compelling the parties to attend arbitration.

In the recent case of *Peironnet v. Matador Resources*, No. 47,190-CA. (2nd Cir. 2012), the Court addressed the effect of both parties to a contract in error, citing Professor Litvinoff, and stating, "In such cases of mutual error, the error might be said to consist of a wrong belief shared by both parties. Litvinoff — *Vices of Consent, supra* at 34. With such mutual mistake, the cause of each of the reciprocal obligations of the parties is in error and the contract is a nullity." Obviously a rescinded null contract is revoked. As such, it falls within the savings clause of 9 USC §2, which is the basis of the instant opposition to Motion to Compel Arbitration.

Following is the Louisiana law applicable to these remaining claims of fraud and error.

**La. C.C. Art. 1906. Definition of contract.**

A contract is an agreement by two or more parties whereby obligations are created, modified or extinguished.

**La. C.C. Art. 1927. Consent.**

A contract is formed by the consent of the parties established through offer and acceptance.

Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.

Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.

**La. C.C. Art. 1948. Vitiated Consent.**

Consent may be vitiated by error, fraud, or duress.

**La. C. C. Art. 1949. Error vitiates consent.**

Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party.

**La. C. C. Art. 1950. Error that concerns cause**

Error may concern a cause when it bears on the nature of the contract, or the thing that is the contractual object, or the person or the qualities of the other party or the law, or any other circumstance that the parties regarded, or should have regarded, as a cause of the obligation.

**La. C. C. Art. 1952. Rescission; liability for damages**

A party who obtains rescission on grounds of his own error is liable for the loss thereby sustained by the other party unless the latter knew or should have known of the error.

The court may refuse rescission when the effective protection of the other party's interest requires that the contract be upheld. In that case, a reasonable compensation for the loss he has sustained may be granted to the party to whom rescission is refused.

**La. C.C. Art 1953. Fraud may result from misrepresentation or from silence.**

Fraud may result from misrepresentation or a suppression of the truth with the intention either to obtain an unjust advantage` 90e for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

**La. C.C. Art. 1957. Proof.**

Fraud need only be proved by a preponderance of the evidence and maybe established by circumstantial evidence.

**La. C.C. Art. 1958. Damages.**

The party against whom rescission is granted because of fraud is liable for damages and attorney fees.

These articles of the Louisiana Civil Code, and the discussion of fraud and mutual error above, make it clear that the only remaining claims of plaintiffs herein are not arbitrable.

In the interest of clarity, and to insure that the Court is aware of the distinction being made in the instant case from those cases cited by the defendants, plaintiffs specifically address the case of *O'Quin v. Verizon Wireless*, 256 F. Supp. 512 (MDLA 2003), decided by this Honorable Court. In *O'Quin*, this Court addressed the case with a simple two-part analysis, first, whether there was an agreement to arbitrate; and second whether such an agreement was enforceable on the ground of unconscionability. In a decision that foreshadowed the *AT&T v. Concepcion* ruling years later, the court held there was an enforceable agreement to arbitrate. **<u>KEY DISTINCTION</u>** – as outlined above, DUE TO EITHER FRAUD OR MUTUAL ERROR, THE CONTRACT IS NULL AND THERE IS NO AGREEMENT to arbitrate.

Another case that should be addressed for the court to understand that no arbitration agreement exists to impede litigation of these cases as is that of *Iberia Credit Bureau, Inc v. Cingular Wireless*, 379 F. 3d 159 (5th Cir. 2004). As a Fifth Circuit case, if applicable, it states direct law that this court must follow. At page 165 of the opinion, in introducing the parameters of its analysis, the *Iberia Credit Bureau* court made clear that the only issue briefed to the court

was the issue of unconscionability or public policy. Specifically, it stated,

> "[t]he parties dispute has become relatively narrow. The plaintiffs do not deny that the scope of the arbitration clauses is broad enough to encompass their causes of action. Nor do they contend in their appellate brief…that they never assented to the arbitration clauses."

It is therefore clear that, like *Concepcion* and like *O'Quin*, the *Iberia Credit* court dealt with the issue of whether or not a clause was unconscionable. None of the opinions cited by counsel for AT&T deal with the case argued by plaintiffs herein – that the contract itself is null for fraud and mutual error, and therefore not "valid, irrevocable or enforceable" as required by 9 U. S. C. §2 and the deciding vote of Clarence Thomas in the *Concepcion* case.

## CONCLUSION

The claims of Plaintiffs have been amended to include only those claims of nullity resulting from fraud and/or mutual error. Either one or the other is factually the case. If, prior to entering the agreements, AT&T and APPLE knew they could not or would not meet the $30 per month agreement, there was fraud in the inducement. If they did not know this fact, they were in error, clearly shared by the plaintiffs who had no basis for knowing that AT&T and APPLE could not or would not make good on its bargain to provide unlimited data at a price of $30 per month.

Respectfully submitted,

SANFORD & ASSOCIATES

_____ s/ Jeffry L. Sanford
JEFFRY L. SANFORD (21069)
Post Office Box 14263
8550 United Plaza Blvd, Ste 702
Baton Rouge, Louisiana 70898-4263
Telephone: (225) 761-9600
Facsimile: (225) 761-9650
Attorney for Plaintiffs

**Certificate of Service**

The foregoing pleading has been served on all counsel of record this 27th day of May, 2013, via email by filing said document in the Middle District of Louisiana, using the electronic case filing system.

_____ s/ Jeffry L. Sanford
Jeffry L. Sanford